**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Artemio GONZALEZ-ANDRADE,
Defendant-Appellant.**

No. 15-50495

United States Court of Appeals,
Ninth Circuit.

Submitted May 8, 2017 *

Filed May 11, 2017

Laura M. Grimes, Assistant U.S. Attorney, Helen H. Hong, Assistant U.S. Attorney, Daniel Earl Zipp, Assistant U.S. Attorney, Office of the US Attorney, San Diego, CA, for Plaintiff-Appellee

Rebecca Jones, Rebecca P. Jones, Attorney at law PC, San Diego, CA, for Defendant-Appellant

Before: REINHARDT, LEAVY, and NGUYEN, Circuit Judges.

MEMORANDUM **

Artemio Gonzalez-Andrade appeals from the district court's judgment and challenges his jury-trial conviction for attempted reentry of a removed alien, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Gonzalez-Andrade contends that the district court erred in failing to give a voluntary intoxication instruction sua sponte. As Gonzalez-Andrade acknowledges, we re-

view this claim for plain error. *See United States v. Bear,* 439 F.3d 565, 568 (9th Cir. 2006). Because the trial transcript does not reflect an evidentiary basis to conclude that Gonzalez-Andrade was intoxicated, much less sufficiently intoxicated as to be unable to form the specific intent to enter the United States, the district court did not plainly err in failing to give the instruction. *See United States v. Fejes,* 232 F.3d 696, 702 (9th Cir. 2000); *see also United States v. Washington,* 819 F.2d 221, 225 (9th Cir. 1987) (district court did not err in failing to instruct on voluntary intoxication when testimony established that defendant's behavior during the offense was inconsistent with intoxication).

**AFFIRMED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.